IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAVON A. YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 17-cv-03314 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Javon A. Young's Motion to Vacate Sentence and Dismiss the Indictment (d/e 1) filed pursuant to 28 U.S.C. § 2255. The Court must dismiss the motion if it appears from the motion, any attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief. See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b). A preliminary review of Petitioner's § 2255 motion and the record of prior proceedings establishes that the motion must be dismissed because Petitioner is not entitled to relief.

# I. BACKGROUND

On August 2, 2016, Petitioner was charged in a two-count Indictment. Both counts of the Indictment charged Petitioner with committing Hobbs Act robbery, in violation of 18 U.S.C. § 1951. United States v. Young, Case No. 16-cr-30039 (hereinafter, Crim.), Indictment (d/e 1). On October 20, 2016, Petitioner pleaded guilty to both counts pursuant to a written plea agreement.

In the plea agreement, Petitioner knowingly and voluntarily waived his right to collaterally attack his sentence and convictions in any manner, including a motion brought pursuant to 28 U.S.C. § 2255. The waiver does not apply to claims that Petitioner's sentence exceeds the maximum provided in the statute of conviction, claims relating directly to the negotiation of the waiver, or claims of ineffective assistance of counsel.

On February 17, 2017, the Court sentenced Petitioner to 51 months' imprisonment and 3 years of supervised release on each count, with the sentences on each count to be served concurrently. Crim., Judgment (d/e 29), at 2-3. Petitioner did not appeal.

In December 2017, Petitioner filed his Motion to Vacate Sentence and Dismiss the Indictment pursuant to 28 U.S.C. 2255.

In May 2018, Petitioner filed a supplement to his § 2255 motion, seeking to add one additional claim. As Petitioner was entitled to amend his § 2255 motion as a matter of course under Rule 15 of the Federal Rules of Civil Procedure, the Court indicated that it would consider Petitioner's additional claim.

## II. ANALYSIS

A prisoner claiming that his sentence violates the Constitution may move for the Court "to vacate, set aside, or correct [his] sentence." 28 U.S.C. § 2255(a). Relief under § 2255 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007).

A § 2255 motion is timely if it is filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). The judgment in Petitioner's criminal case was entered on February 23, 2017. See Crim., Judgment, at 1. Petitioner filed his § 2255 motion in December 2017. Therefore, Petitioner's motion is timely under § 2255(f)(1).

Having established that Petitioner's § 2255 motion is timely, the Court now turns to Petitioner's claims. The Court construes

Petitioner's pro se § 2255 motion liberally, as required. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, liberal construction of the motion does not inure to Petitioner's benefit to the extent that the motion is not understandable. See Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir. 1998).

Petitioner's § 2255 motion is verbose, repetitive, and, in some places, unintelligible. Nevertheless, the Court has been able to decipher several claims made by Petitioner. Petitioner's primary claim—that the Court lacked jurisdiction to sentence him—includes an attack on the sufficiency of the Indictment in his criminal case. Petitioner also claims that he was deprived of due process because he did not have notice of the investigation conducted by the grand jury or the opportunity to challenge the grand jurors who indicted him. Motion (d/e 1), at 21-22. Petitioner's final claim is that his conviction and sentence relating to a § 924(c) offense violates due process because the predicate offense is not a crime of violence under 18 U.S.C. § 924(c)(3).[1] Supplement (d/e 3), at 1-2.

---

[1] Petitioner's § 2255 motion refers to several statutes and provisions of the United States Constitution, including the Fourth, Fifth, Sixth, and Ninth Amendments. See Motion, at 17, 20-21. However, the motion, even construed liberally, cannot be read to assert any claims distinct from those listed above.

Petitioner's claims are barred by his collateral attack waiver. Petitioner's plea agreement contains a valid and enforceable waiver of Petitioner's right to collaterally attack his sentence and convictions pursuant to 28 U.S.C. § 2255. The waiver has three exceptions: (1) claims that Petitioner's sentence exceeds the maximum provided in the statute of conviction; (2) claims relating directly to the negotiation of the waive; and (3) claims of ineffective assistance of counsel. However, none of Petitioner's claims assert that his sentence exceeds the applicable statutory maximum or that Petitioner received ineffective assistance from defense counsel. Nor do any of Petitioner's claims relate directly to the negotiation of Petitioner's collateral attack waiver. Accordingly, the waiver bars all of Petitioner's § 2255 claims in this case. See Dowell v. United States, 694 F.3d 898, 902 (7th Cir. 2012) (noting that a voluntary and knowing waiver is valid and must be enforced).

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues

a certificate of appealability). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.; see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009). The Court concludes that jurists of reason would not find the Court's procedural ruling debatable. Therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons stated, Petitioner Javon A. Young's Motion to Vacate Sentence and Dismiss the Indictment (d/e 1) filed pursuant to 28 U.S.C. § 2255 is SUMMARILY DISMISSED. The Clerk is DIRECTED to notify Petitioner of the dismissal. The Court declines to issue a certificate of appealability. All pending motions are DENIED as MOOT. This case is CLOSED.

ENTER:  January 21, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE